361 A.2d 870

COMMONWEALTH of Pennsylvania

v.

Joshua COLEMAN, Appellant.

Superior Court of Pennsylvania.

June 28, 1976.

Calvin S. Drayer, Jr., Asst. Public Defender, Norristown, for appellant.

Stewart J. Greenleaf, Asst. Dist. Atty., Chief, Appeals Div., Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN Judge:

Appellant contends that the lower court erred in denying his petition to dismiss filed pursuant to Rule 1100 (f), Pa.R.Crim.P.

The criminal complaint in the instant case was filed on September 24, 1974. Under Rule 1100(a)(2), therefore, the Commonwealth had 180 days, or until March 24, 1975, to commence trial. The case was originally listed for trial on January 27, 1975, but on that date, defense counsel requested and was granted a continuance. The continuance was not, however, granted for a specified period of time. The case was rescheduled in accordance with the procedure normally employed in Montgomery County. This procedure was described in the opinion of the lower court:

"Since calendar control is under the direct supervision and control of the Board of Judges of this County, we

may take judicial notice of the manner in which our Court Administrator, under our direction, schedules criminal matters. The next criminal session scheduled after the session during which the continuance was granted commenced February 24, 1975, and was a 3 week session. The next succeeding criminal session commenced April 14, 1975, also a 3 week session. Taking into consideration the availability of judicial personnel, the Court sets the number of cases to be listed for each three week segment of criminal court. The Court administrator then schedules specific cases at least 30 days prior to the first date of the criminal session, so that attorneys have ample notice, and sufficient time is allowed for subpoenaing witnesses. As a practical matter, it is thus not possible to superimpose upon an already prepared list, those cases which are continued from a current list. Instead, as happened here, continued cases are scheduled for the second session thereafter." Trial was commenced on April 22, 1975, approximately thirty days after the expiration of the period, and eighty-five days after the grant of the continuance.

Rule 1100(d)(2) provides that "there shall be excluded [from the 180-day period] such period of delay at any stage of the proceedings as results from: . . . (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." The lower court held that the entire delay was "inevitably caused" by the continuance requested by appellant. Because 85 days had elapsed between the date the continuance was granted and the date the trial commenced, the court charged 55 days' delay to appellant. Thus, the court held that appellant was tried within the period.

Recently, we summarized the history and purposes of the Rule: " 'The history of the right to a speedy trial and its reception in this country clearly establish that is one

of the most basic rights preserved by our Constitution.'
*Klopfer v. North Carolina,* 386 U.S. 213, 226, 87 S.Ct.
988, 995, 18 L.Ed.2d 1 (1967). Rule 1100 was promul-
gated 'in order to more effectively protect the right of
criminal defendants to a speedy trial . . .,' *Common-
wealth v. Hamilton,* supra, 449 Pa. [297] at 308, 297
A.2d [127] at 133 (1972), and because the Court deem-
ed it 'expedient to formulate a rule of criminal procedure
fixing a maximum time limit in which individuals ac-
cused of crime shall be brought to trial . . . .' *Id.*
449 Pa. at 308–09, 297 A.2d at 133. Inordinate delay
between public charge and trial may 'seriously interfere
with the defendant's liberty, whether he is free or on
bail or not, and that may disrupt his employment, drain
his financial resources, curtail his associations, subject
him to public obloquy, and create anxiety in him, his
family and his friends.' *United States v. Marion,* 404
U.S. 307, 320, 92 S.Ct. 455, 463, 30 L.Ed.2d 468 (1971).
Delay, of course, may also prejudice a defense on the
merits, *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33
L.Ed.2d 101 (1972), and intensifies the 'anxiety and con-
cern accompanying public accusation . . . . *United
States v. Ewell,* 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15
L.Ed.2d 627 (1966). *None of these consequences is
lessened by the fact that the delay is occasioned by the
courts rather than the prosecutor. Cf. Commonwealth
v. Wilson,* 231 Pa.Super. 451, 331 A.2d 792 (1974) . .
The Court in *Barker v. Wingo,* supra, cited the 'inability
of courts to provide a prompt trial . . .,' id. 407 U.S.
at 519, 92 S.Ct. [2182] at 2186, and our Supreme Court
in *Commonwealth v. Hamilton,* supra, noted that '*a
mandatory time requirement will act as a stimulant to
those entrusted with the responsibility of managing
court calendars.' Id.* 449 Pa. at 308, 297 A.2d at 133."
*Commonwealth v. Silver,* 238 Pa.Super. 221, 357 A.2d 612
(J. 597/1975, Filed February 2, 1976, Slip Opinion at
8–9) (Emphasis added). *See also Commonwealth v.*

*Shelton,* —— Pa.Super. ——, 361 A.2d 873 (J. 1083/1975, Filed March, 1976).

██ It is apparent that the delay in the instant case was not "inevitably caused" by appellant's request for a continuance. The delay occurred because Montgomery County had criminal session commencing on February 24, 1975, and April 14, 1975, but did not schedule a criminal session during the month of March, 1975. The lower court's opinion states that "continued cases are scheduled for the second session thereafter." Had there been either a March criminal sessions or continuous sessions, therefore, appellant's trial would have been listed during the period, without any necessity for change in the Montgomery County procedure of scheduling continued cases. The Supreme Court has clearly placed the burden of scheduling trial within the time limits of the Rule on "those entrusted with the responsibility of managing court calendars." *Commonwealth v. Hamilton,* supra. In *Commonwealth v. Shelton,* supra, at ——, 361 at 879, we held that " . . . [s]ections (a)(1) and (a)(2) most clearly exemplify the intent of the Pennsylvania Supreme Court to decrease the backlog of criminal cases in the courts of Pennsylvania by focusing the mandates of Rule 1100 upon the judiciary as well as the prosecution." It was the duty of the Court Administrator of Montgomery County, under the supervision of the Board of Judges, to schedule appellant's trial within the period prescribed by Rule 1100. If the trial could not be scheduled within the period because of the manner in which Montgomery County provides sessions for criminal trials, it was incumbent upon Montgomery County to change its procedure. To hold otherwise would emasculate the Rule. Therefore, the period between the date the continuance was granted and the date the trial commenced cannot be charged against appellant.[1]

1. The Rule 1100 problem created in the instant case could also have been avoided by the expedient of granting a continuance

Judgment of sentence reversed and appellant ordered discharged.

CERCONE, J., files a concurring opinion.

WATKINS, President Judge, and JACOBS and VAN der VOORT, JJ., dissent.

CERCONE, Judge (concurring):

I concur in the result in the instant case for the reasons expressed in my concurring opinion in *Commonwealth v. Smith*, —— Pa.Super. ——, 361 A.2d 862 (J. 1637/1975).

for a specified period of time. If a continuance is granted for an indefinite period, as in the instant case, it is impossible to tell whether it is for thirty days or for more than thirty days. The court's failure to specify a date certain, however, cannot operate to deprive appellant of his Rule 1100 rights. It is just as likely as not that appellant wanted a continuance for no more than thirty days. The additional delay of 55 days resulted from the scheduling procedure employed by the Court Administrator.

Furthermore, specific continuances would facilitate determination of possible Rule 1100 violations, and would operate as an additional stimulus to the Court Administrator to schedule trials within the period mandated by the Rule. Matters could be greatly simplified if defense counsel would request and trial courts would grant continuances for a definite period. It is clear that a defendant waives Rule 1100 violation by agreeing to a trial date beyond the period. See *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975).