371 A.2d 1333

## COMMONWEALTH of Pennsylvania

v.

## John SHIELDS, Appellant.

Superior Court of Pennsylvania.

Submitted April 2, 1976.

Decided March 31, 1977.

Judith W. Savitz, Assistant Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge:

Appellant contends that he should be discharged because he was not brought to trial within 270 days as mandated by Rule 1100, Pa.R.Crim.P., 19 P.S. Appendix.

Appellant was arrested in connection with a June 26, 1974 rape that took place on North 22nd Street in Philadelphia. The magistrate issued the criminal complaint on June 27, 1974. Thus, the Commonwealth had 270 days in which to bring appellant to trial. Rule 1100(a). After numerous listings, the case had still not come to trial on May 21, 1975, when the lower court heard and denied appellant's petition to dismiss filed pursuant to Rule 1100(f). Trial commenced on the following day and lasted until May 27, when a jury

found appellant guilty of rape.[1] On September 24, 1975, the lower court denied appellant's post-trial motions and sentenced appellant to a term of imprisonment of 4 to 15 years. This appeal followed.

Appellant's trial commenced 329 days after the filing of the criminal complaint. The sole issue is whether at least 59 days were properly excluded from the computation of the period in which the Commonwealth was required to bring the appellant to trial. *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976). The Commonwealth argues, however, that ". . . it is clear that the allowable two hundred and seventy (270) days under Rule 1100 was exceeded because of defense created delays. First, the 32 day delay from August 23rd to September 24th must be charged against defendant in view of the provision in Rule 1100(d)(1) excluding the time of defense counsel's unavailability. The 38 day delay from September 19th to November 1st must also be counted against defendant as it was a delay at the request of defense counsel. Rule 1100(d)(2). For the same reason, the delay from February 6th to March 6th, 28 days, must also be counted against the defense. Also to be computed against the defendant is the period of time from April 28 to May 19, 1975, a total of twenty-one (21) days, which was caused by defense counsel's request for a continuance.

"Thus delays attributable directly to the defense amounted to a total of one hundred and nineteen (119) days. Even subtracting the thirty (30) days of continuance allowable to the defense under Rule 1100(d)(2), a total of eighty-nine (89) days must be attributed to defense counsel's delay." Based on the Commonwealth's view of the case, appellant was tried within the time period.

The Dissent makes a somewhat different calculation: "On August 23, 1974, the case was called for trial but was continued due to the vacation period of a witness; no exclusion is permitted. On September 19, 1974, the case was

1. The Crimes Code, Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 3121.

called but was continued because defense counsel stated that he was not prepared; the continuance to November 1, 1974, which was requested by defense counsel and was granted, was for *38 days*. . . . On February 6, 1975, the case was called but was ordered continued to March 6 because the defense attorney was not ready to proceed; the continuance granted was for *28 days*. . . . On April 23, 1975, the case was called but was continued until May 19 because defense attorney stated that he was not ready; this is a *26-day* continuance. . . ." (Slip opinion, at 1–2; emphasis in original).

The Dissent and the Commonwealth both make a fundamental mistake in computing time excluded under Rule 1100(d). Rule 1100(d) provides that "[i]n determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from: . . .

"(2) *any continuance in excess of thirty (30) days* granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." (Emphasis added). The Dissent would hold that the rule contemplates only one thirty day period of exclusion. That is a clearly erroneous interpretation of the rule. See *Commonwealth v. Lewis,* 237 Pa.Super. 357, 352 A.2d 99 (1975).

The rule specifically states that time may be excluded from the period of that delay results from the request for a continuance and if that continuance is in excess of 30 days—or as the rule states, ". . . there shall be excluded . . . any continuance in excess of thirty (30) days." Subsection 1100(d) is the only basis for automatic exclusion of time under the rule. *Commonwealth v. Shelton,* supra. Thus, the rule simply does not permit exclusion of any delay resulting from a continuance for less than 30 days.[2]

**2.** Further, there is no authority for the proposition that a defendant is entitled to only one continuance in excess of thirty days before the full period is excluded. The rule is explicit: *any* continuance in

Such a literal ruling produces a result that is neither startling nor unfair. A continuance is not solely within the control of the litigant,[3] but is entrusted to the sound discretion of the court, Rule 301, Pa.R.Crim.P., thereby preventing unfair manipulation by a defendant. Further, if a defendant requests a continuance near the end of the period, a court may condition its approval on the defendant's agreement to a trial date beyond the period. See *Commonwealth v. Myrick,* 468 Pa. 155, 360 A.2d 598 (filed July 6, 1976); *Commonwealth v. Hickson,* 235 Pa.Super. 496, 344 A.2d 617 (1975). Finally, Rule 1100(c) affords the Commonwealth a full and effective remedy if a defendant's need for additional time prevents the Commonwealth from trying its case within the period. *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976); *Commonwealth v. Shelton,* supra.

The period correctly computed is as follows: appellant was tried 329 days after the complaint. We will assume that 32 days from August 23, to September 24, 1974, must be excluded from the period.[4] The case was continued from September 24,[5] until November 1, based on appellant's request—a 38 day delay. Only eight days are thereby excluded. Rule 1100(d)(2). None of the 28 day delay from February 6, to March 6, the result of appellant's request for a continuance, can be excluded; nor can any of the 21 day

excess of thirty days may be excluded; but in each instance, only the days in excess of 30 shall be excluded.

**3.** By contrast, all time is excluded if the defendant is unavailable. That is, an accused cannot benefit from the rule merely by absenting himself from the jurisdiction or hiding from the police. Rule 1100(d)(1).

**4.** The Dissent assumes that this period *cannot* be excluded. However, the Commonwealth argues that it resulted from defense counsel's unavailability. For purposes of this opinion, we have excluded those 32 days from the running of the period.

**5.** The request for the continuance was made five days in advance of the scheduled hearing date. It is simply illogical to exclude days during which no proceedings were scheduled—in no meaningful way did delay result from the defendant's request prior to the scheduled date. Cf. *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870 (1976).

delay from April 28, to May 19, be excluded. Neither continuance was in excess of thirty days. Therefore, only 40 days can be excluded from the total of 329 days. It is apparent that trial did not commence within the mandated period of time.

Therefore, we reverse the judgment of sentence and order appellant discharged.

VAN der VOORT, J., filed a dissenting opinion in which WATKINS, President Judge, and JACOBS, J., join.

VAN der VOORT, Judge, dissenting:

I must dissent from the Majority's disposition of this case, wherein appeal is taken to our Court from judgment of sentence rendered on September 24, 1975, following jury verdict on May 27, 1975 of guilty as charged. Post-trial motions had been made and denied, preserving the present issue for review. On or about May 20, 1975, appellant filed an application to dismiss, pursuant to *Pa.R.Crim.P.* 1100(f). Relief was denied by Order on May 21, 1975, and trial began May 22.

The sole question for consideration is whether the lower court erred in denying appellant's application for dismissal. Based upon the record it is our Court's task to determine whether Rule 1100, as it applies to this case and as it mandates commencement of trial within 270 days from the date on which the complaint was filed, plus allowable period properly excludable, was contravened.

The complaint was filed on June 27, 1974. The operative date for commencement of trial, i. e., 270 days thence, would be March 25, 1975. In the following manner, I shall examine the record to determine if there are periods properly excludable and if, therefore, the 270-day span of time may be extended thereby. On August 23, 1974, the case was called for trial but was continued due to the vacation period of a witness; no exclusion is permitted. On September 19, 1974, the case was called but was continued because defense counsel stated that he was not prepared; the continuance to

November 1, 1974, which was requested by defense counsel and was granted, was for *38 days*. On October 29, 1974, the case was called but was continued because the assistant district attorney informed the court that he would not be ready by November 1; no time is excludable therefor. On December 12, 1974, the case was called but was continued because the complainant was unavailable; no time is excludable therefor. On January 10, 1975, the case was called but was continued because the defendant was not brought in from prison, although it appears that he could have been brought to court and was not unavailable in terms of Rule 1100(d)(1); no time is excludable therefor. On February 6, 1975, the case was called but was ordered continued to March 6 because the defense attorney was not ready to proceed; the continuance granted was for *28 days*. On March 6, the case was called but was continued until March 11, no reason given. The case was next called on April 18, 1975, but was continued until April 28 because of courtroom unavailability. On April 23, 1975, the case was called but was continued until May 19 because defense attorney stated that he was not ready; this is a *26-day* continuance. On May 19, 1975, the case was again called and both sides indicated readiness. As stated above, appellant's petition to dismiss was filed and denied prior to the commencement of trial on May 22, 1975.

In the instant case, three continuances were granted under Rule 1100(d)(2), totalling 92 days. The question becomes what guideline is mandated by that rule for computing the time to be excluded from the running of the 270-day period for commencement of trial: ". . . there shall be excluded therefrom such period of delay at any stage of the proceeding as results from . . . (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

A continuance in the present context is the result of a request by or for the benefit of the defendant whereby the date for trial is delayed. It may be delayed by a defendant

one or more times; but regardless of how many times trial is put off, there is only one operative circumstance—trial is delayed because of its being continued. My consideration of what is meant by "continuance" differs from that of the Majority in that I consider the Rule to contemplate a series of continuances by the defendant to be one integrated action rather than disparate occurrences, to be considered separately.[1] Rule 1100 makes clear that we are to consider one time period for the commencement of trial—either 180 or 270 days. Whether this period is to be extended by reason of days excludable must be considered retrospectively. It is only reasonable then to add up the total number of days devoted to the one purpose, i. e. continuance, and then to apply the Rule.

The application of Rule 1100(d)(2) is clear. If in a case there exists any continuance, taken to mean the total number of days consumed for that purpose, asked by defendant, greater in total number than 30 days, then there shall be excluded "only the period beyond the thirtieth (30th) day".

Performing what is no more than the simplest arithmetic called for by the Rule, the number of days by which this case was continued should be added to reach a total of 92 days expended by continuance for the defendant. Subtracted therefrom is the 30-day "grace period", leaving 62 days to be excluded from the running of the mandated 270 days for trial. Thus the period for commencement of trial is extended by that number. Trial here must have begun 332 days after June 27, 1974, or by May 26, 1975. Trial began May 22, 1975, within the period as period extended. *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) and *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976).

And our Court has just recently accepted such an interpretation of the questioned Rule in *Commonwealth v. Bean,* 244

---

1. I interpret the word "any", in Rule 1100(d)(2), to modify "continuance" and to indicate that this totality of time for continuance, if exceeding 30 days, will be handled according to the Rule if it exists, i. e., if there is "any continuance" to be considered.

Pa.Super. 368, 368 A.2d 765 (filed December 15, 1976), wherein two continuances had been granted under Rule 1100(d)(2).[2] Our Court totaled the days represented thereby, granted one 30-day "grace period", and arrived at a number of excludable days by which the time set for commencement of trial was to be extended. I find no justification in the Majority's position to make so short-lived an interpretation of Rule 1100(d)(2) by our Court.

The Majority reads the Rule as mandating a separation from the whole of each and every continuance which may have been requested and granted, and a consideration of the days represented by each. If those days are less than 30, then they are excluded forthwith. If those days exceed 30, then each such part of the whole is reduced by the 30-day grace period and whatever number remains is excluded from the operable period for the beginning of trial. I can imagine no more unintended or abusive interpretation of this Rule. It is illustrative of the ease with which literal readings which take no recognition of the surroundings in which language is to exist can trap the reader. Never intended in Rule 1100 was special treatment of continuances which exceed 30 days. There is neither magic in thinking that such a continuance should be treated specially nor logic in dividing the totality of the continuance achieved by the defendant in one case.

Further, to divide in this manner the whole continuance into its parts and to grant a 30-day grace period for each part is equally wrong. Such emasculates the purpose of allowing a "grace period" and allows the absurd conclusion that each part of the continuance will have a "grace period". The reading propounded by the Majority excludes all portions of the whole continuance of less than 30 days, and does not recognize the first 30 days of each and every part of the whole when each part exceeds 30 days—by which the Rule is made like a sieve for the defendant.

**2.** Opinion by Van der Voort, J., joined by Watkins, P. J., and Jacobs and Cercone, JJ. Dissent noted by Price, J. Dissenting Opinion by Hoffman, J., joined by Spaeth, J.

I disagree with the Majority's statement that this literal reading is neither startling nor unfair; in my view it has both of these qualities. As the Rule (1100(d)(2)) is interpreted by the Majority, i. e., that the time period continues to run against the Commonwealth for 30 days out of each and every defense continuance, in many cases a defendant by securing a few 30 day continuances can very easily move the time of trial beyond the (now) 180 day limit and escape trial altogether without the Commonwealth realizing what is happening. This to me is both startling and unfair. Such an interpretation of the rule renders it unworkable.

I would affirm the order of the court below.

WATKINS, President Judge, and JACOBS, J., join in this Dissenting Opinion.