380 A.2d 782

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**C. Alton WADE.**

Supreme Court of Pennsylvania.

Argued April 15, 1977.

Decided Dec. 1, 1977.

Vincent M. Dadamo, Elliott D. Goldberg, Asst. Dist. Attys., Joan D. Lasensky, Berwyn, for appellant.

John R. Merrick, Public Defender, J. Graham Andes, Asst. Public Defender, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Chief Justice.

C. Alton Wade was convicted by a jury in Chester County of receiving stolen goods. Post-verdict motions were denied and judgment of sentence imposed. Wade appealed to the Superior Court which reversed the judgment of sentence and ordered Wade discharged. We granted the Commonwealth's petition for allowance of appeal.

Prior to trial, Wade filed an application to dismiss the charges alleging the trial had not commenced within the time period permitted under Pa.R.Crim.P. 1100, Pennsylvania Rules of Criminal Procedure. The motion was denied by the trial court. The Superior Court reversed ruling Wade's motion to dismiss should have been granted. We affirm.

The criminal complaint was filed against Wade on October 3, 1973, and trial commenced on September 10, 1974.[1] Thus, three hundred and forty-two (342) days lapsed between the filing of the complaint and commencement of trial.[2]

1. Wade contends trial commenced on September 11, 1974, despite the Superior Court and trial court having treated September 10, 1974, as the date on which trial commenced. We need not resolve this dispute because its resolution is immaterial to our disposition, even if we accept the Commonwealth's position.

2. The trial court and the Superior Court determined the trial did not commence until the three hundred and forty-first day following the filing of the complaint. We are unable to account for the one-day variation. Our calculation is made in accordance with 1 Pa.C.S.A. § 1908 which mandates exclusion of the first day and inclusion of the last. Thus our calculation is as follows:

| | | |
|---|---|---|
| 1973 — | October | 28 days |
| | November | 30 days |
| | December | 31 days |
| 1974 — | January | 31 days |
| | February | 28 days |
| | March | 31 days |
| | April | 30 days |
| | May | 31 days |
| | June | 30 days |
| | July | 31 days |
| | August | 31 days |
| | September | 10 days |
| Total days | | 342 |

Pa.R.Crim.P. 1100(a)(1), applicable instantly, mandated that trial commence "no later than two hundred seventy (270) days from the date on which the complaint was filed."

> "Thus, all of the delay beyond the two hundred and seventy (270) day mandatory period ' . . . must be either excluded from the computation [of the period, Pa.R. Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule, [Pa.R.Crim.P. 1100(c)], if the Commonwealth is to prevail.' "

*Commonwealth v. Shelton,* 469 Pa. 8, 14, 364 A.2d 694, 697 (1976) quoting from *Commonwealth v. O'Shea,* 465 Pa. 491, 496, 350 A.2d 872, 874 (1976).

 Since the Commonwealth did not seek an extension pursuant to section (c) of Rule 1100, it was obliged to establish by a preponderance of the evidence that seventy-two (72) days should have been excluded from the computation of the permissible time pursuant to section (d). *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). Furthermore, since the trial court determined the Commonwealth met its burden, we consider for the purposes of this appeal the evidence presented by the Commonwealth and so much evidence presented by the defense as, fairly read in the context of the record as a whole, remains uncontradicted. *Commonwealth v. Mitchell,* supra. So viewed, the record establishes the following:

On October 4, 1973, Wade was preliminarily arraigned before a district justice. During the arraignment, Wade advised the district justice that he intended to obtain Attorney Fred Cadmus to represent him. The district justice explained to Wade that Pa.R.Crim.P. 140, absent a waiver, required the fixing of a date for a preliminary hearing "not less than three nor more than ten days" from the date of arraignment. But the district justice did not set a date for the hearing; rather, after explaining the time requirement of Pa.R.Crim.P. 140, he instructed Wade to contact Cadmus and arrange representation and to have Cadmus contact the district justice to fix a date for the preliminary hearing, within a reasonable time, when he [Cadmus] was available.

The district justice did so because he was aware of "Cadmus' busy schedule." The Commonwealth agreed to "not hold to the ten day rule in order to give [Wade] an opportunity to get counsel."

Wade, after being released on nominal bail, phoned Cadmus' office and was informed Cadmus was on vacation.[3] A secretary told Wade she would phone the district justice and then call him back. Subsequently, she phoned Wade and indicated "everything was okay."

The district justice did not receive any communication from Cadmus or his office so he phoned Cadmus' office some time between October 23 and 25. The district justice was informed that Wade had contacted Cadmus' office and was "supposed to meet with . . . Cadmus."

On November 7, the district justice again contacted Cadmus' office because he still had not heard from Wade or Cadmus. He talked with Cadmus who said that he had not communicated with Wade, but that he "probably would be representing [Wade] in the matter," and that the district justice should set a date for the hearing. The district justice then set December 6 as the hearing date and had a police officer serve Wade with notice of the hearing date.

The first direct communication between Wade and Cadmus occurred on November 25, at which time Cadmus agreed to represent Wade.

On December 3, Cadmus requested the hearing be continued "into January due to the fact [that] there were criminal trials here in court Mr. [Cadmus][4] was tied up in." The district justice then fixed January 15, 1974 as the hearing date. Cadmus testified that he "was generally available" between December 3 and January 15 with the exception of the week of December 3.

3. Cadmus was in England and did not return until October 23.

4. The district justice's testimony referred to a call from "Wade's office" and to "Mr. Wade" being "tied up in" criminal trials. He corrected himself by subsequently indicating that he was referring to Cadmus.

Cadmus later requested another continuance because he "was tied up in the Hamm hearing," and the preliminary hearing was then scheduled for February 1. Another request for continuance beyond February 1 was made, but was denied by the district justice. The hearing was held on February 1, but Cadmus did not appear; rather, Cadmus had another attorney appear for Wade even though "[i]t was still [Cadmus'] responsibility."

Finally, Wade was tried in the Court of Common Pleas on an unrelated homicide charge during April of 1974 and the trial lasted ten (10) days.

The Superior Court reasoned that certain periods should be excluded pursuant to section (d) of Rule 1100, but even with these exclusions the trial commenced untimely.

The first relevant period is that between October 4 and December 6.[5] We believe that the evidence fairly read shows that, in effect, Wade's representation to the district justice that he wanted to obtain Cadmus as counsel, coupled with the district justice's explanation of the mandates of Pa.R.Crim.P. 140(f)(1) and with the Commonwealth's agreement "not to hold to the ten day rule," amounted to a request for a continuance by Wade.[6] Section (d) in pertinent part provides:

" . . . there shall be excluded . . . *such period of delay* at any stage of the proceedings *as results from*:

**5.** We must consider the period from October 4 to December 6 as one period of delay caused in its entirety by Wade's request on October 4 because, even though Cadmus advised the district justice on November 7 to proceed to set the hearing date, Wade did not communicate directly with Cadmus until November 25 and did not obtain his representation until then.

**6.** As the Superior Court pointed out, the granting of the requested continuance *may* indeed have been improper because Pa.R.Crim.P. 140(f)(1) mandates the setting of a date for the hearing and the timing mandates of that section afford an accused an opportunity to obtain counsel. But we need not now rule that granting a continuance under such circumstances is improper because, even if doing so was improper, section (d) of Rule 1100 does not concern itself with the propriety of granting continuances requested, it only concerns itself with who requested the continuance.

. . . *(2) any continuance in excess of thirty (30) days* granted *at the request of the defendant* . . . , provided that only the period beyond the thirtieth (30th) day shall be so excluded." [Emphasis added.]

▮▮▮ Instantly, a "period of delay" in conducting the preliminary hearing occurred and it "result[ed] from [a] continuance." The period of the continuance, totalling sixty-three (63) days, is "in excess of thirty (30) days" and "was granted at the request" of Wade. Thus, the Commonwealth was entitled to an exclusion. However, the number of days to be excluded is limited by the proviso of section (d)(2) to those by which the continuance exceeds thirty (30) days. Accordingly, the Commonwealth was entitled to an exclusion of thirty-three (33) days pursuant to section (d)(2) of Rule 1100 as a result of the continuance granted between October 4 and December 6.[7]

The next relevant periods are those between December 6 and January 15 and January 15 and February 1. In both instances, Cadmus sought and was granted continuances. Accordingly, these periods must be considered in light of section (d)(2) of the rule.

The first of these periods or that between December 6 and January 15 was a period of delay in conducting the preliminary hearing resulting from a continuance requested by Wade's attorney. The period of the continuance totaled forty (40) days. Thus, the Commonwealth was entitled to an exclusion of ten (10) days or the period beyond the thirtieth (30th) day.

The second period or that between January 15 and February 1 was also a period of delay in conducting the prelimi-

---

7. The Commonwealth argues that Wade was "unavailable" between October 4 and November 7 citing *Commonwealth v. Millhouse*, 470 Pa. 512, 368 A.2d 1273 (1977). In *Millhouse*, supra, the accused appeared at a scheduled judicial proceeding without counsel. Because of that and additional considerations, we determined *Millhouse* was unavailable. Instantly, Wade did not appear at a scheduled judicial proceeding, the preliminary hearing, without counsel; rather, he sought, prior to the hearing being scheduled, to have the judicial proceeding continued. We therefore consider *Millhouse*, supra, inapposite.

nary hearing resulting from a continuance requested by Wade's attorney. But, the period of the continuance was not "in excess of thirty (30) days," and thus the Commonwealth was not entitled to an exclusion as a result of this continuance.[8]

The Commonwealth also contends that the ten (10) days in April during which Wade was engaged in trial on the unrelated criminal charge, should be excluded under section (d)(1) of Rule 1100. However, even assuming this to be so, the total number of days excluded would not equal seventy-two (72), the number required to be excluded if the Commonwealth is to prevail in its position that the trial commenced timely.

Order affirmed.

ROBERTS, J., filed a concurring opinion.

ROBERTS, Justice, concurring.

I concur in the result and join in the Opinion of the Court to the extent that it adopts *Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977), as controlling authority on the issue of whether the thirty day grace period allowed by Pa.R.Crim.P. 1100(d)(2) applies to each continuance granted to the defense.

---

**8.** We have adhered to the literal language of Rule 1100 by treating each continuance independently both to determine if the Commonwealth is entitled to an exclusion and to determine the amount of time to be excluded under section (d)(2). Our analysis thus differs from that used by the Superior Court in this case, but is in accord with *Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977), which was decided by the Superior Court subsequent to its decision instantly. The dangers foreseen by the dissenters in *Shields,* supra, can be avoided by the Commonwealth if it seeks extensions pursuant to section (c) of Rule 1100.