404 A.2d 704
**COMMONWEALTH of Pennsylvania**
v.
**Roberto J. BASTONE, Appellant.**
Superior Court of Pennsylvania.
Submitted March 21, 1977.
Decided Dec. 29, 1978.

David Rudovsky, Philadelphia, for appellant.

Deborah E. Glass, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

SPAETH, Judge:

Appellant was convicted of robbery, terroristic threats, possessing an instrument of crime, carrying a firearm without a license, and resisting arrest.[1] His contention is that he was not brought to trial within 180 days as required by Pa.R.Crim.P. 1100(a)(2).[2]

The complaint was filed on August 24, 1975. A preliminary hearing was originally scheduled for August 29 but appellant was unable to appear because he was in the hospital. A rescheduled hearing for September 9 was continued because appellant was in prison. A hearing was finally held on September 16, and arraignment was set for October 14. On October 15 the court continued the arraignment until November 3. On October 23 the attorney for appellant filed a motion to suppress certain evidence and identification testimony. On November 3 the court continued the case until December 4, to allow appellant's attorney time to prepare the case. On December 4 the court granted another continuance, to January 6, 1976, because appellant's

1. The Crimes Code, Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. §§ 3701, 2706, 907, 6106 and 5104 respectively.

2. Pa.R.Crim.P. 1100(a)(2) provides:
Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974, shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

attorney withdrew and a public defender was appointed. On January 6 the court continued the case to February 17, because appellant's attorney was unprepared. On February 17 the Commonwealth and appellant's attorney made a joint application for a bench warrant to secure the presence of the complainant in the case. On March 25 the parties again appeared in court but the bench warrant on the complainant was still outstanding. On April 23 the complainant appeared and a hearing on appellant's outstanding motion to suppress evidence was held. The same day the hearing judge denied the motion, and appellant requested that a new judge enter the case. On April 27 appellant made a motion to dismiss the case under Pa.R.Crim.P. 1100(f). On May 3 the motion was heard by a new judge, and appellant waived his rights under Pa.R.Crim.P. 1100 until the next listing. On May 25 appellant's motion to dismiss was denied. On June 4 trial commenced.

In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976), our Supreme Court stated how the mandatory period for commencing trial under Rule 1100 is to be determined:

.   .   .   Thus [where trial commences after the mandatory period] all of the delay beyond the   .   .   .   mandatory period

"   .   .   .   must be either excluded from the computation [of the period, Pa.R.Crim.P. 1100(d)] or justified by an order granting an extension pursuant to the terms of the rule [Pa.R.Crim.P. 1100(c)] if the Commonwealth is to prevail."

*Id.,* 469 Pa. at 13–14, 364 A.2d at 696–97 (*quoting Commonwealth v. O'Shea,* 465 Pa. 491, 495, 350 A.2d 872, 874 (1976)) (footnote omitted).

It will be recalled from the statement of facts that the complaint was filed on August 24, 1975, so that the run date for the mandatory period would normally be February 20, 1976. The trial, however, occurred on June 4, or 285 days after the complaint was filed. The lower court nevertheless found no violation of Pa.R.Crim.P. 1100(a)(2). It found that 104 days of delay were "chargeable" to appellant because of

continuances necessitated by his presence in the hospital, his retention of a new attorney, the unpreparedness of his attorney, and the joint request of his attorney and the Commonwealth for a bench warrant to require the presence of the complainant.

■ We agree with appellant that the Commonwealth has not shown sufficient exclusions under Pa.R.Crim.P. 1100(d) to justify the 105 day delay here.[3] Pa.R.Crim.P. 1100(d)(2) excludes any period of delay that "results from . . . (2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded." Here, appellant's attorney requested continuances from November 3, 1975, to December 4, December 4 to January 6, 1976, January 6 to February 17, and February 17 to March 25. These continuances resulted in 23 days of excludable delay.[4] In addition, 18 days may arguably be excluded because appellant was in the hospital and prison between August 29, 1975 and September 16, and hence "unavailable" for that period. Pa.R.Crim.P. 1100(d)(1).[5] Finally, appellant waived the 22 days between May 3, 1976,

3. The lower court listed a number of the continuances in its opinion but did not give a breakdown as to the amount of excludable delay. The court may have cumulated the continuances, that is, excluded all delay beyond the first thirty days. *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977), held that in determining the computation of time before trial, each continuance is to be treated independently and a defendant is not to be limited to a single thirty day request. If the court here had excluded the first thirty days of each of the continuances mentioned in its opinion, it would have arrived at considerably less than 104 days of excludable delay.

4. Our calculation assumes seven days of excludable delay based on the application for a bench warrant to secure the presence of the complainant in the case. It is arguable that although this application was made jointly by the Commonwealth and appellant, it should be held to be a continuance within the terms of Pa.R.Crim.P. 1100(d)(2). However, we do not make any holding in this regard as it is unnecessary to the outcome of this case.

5. Since the 18 day delay between August 29 and September 16 is not dispositive of this case, we make no holding as to whether appellant was "unavailable" for this period.

and May 25. At most, we find 63 days of excludable delay, far short of the 105 necessary here to avoid dismissal.

The Commonwealth, however, contends that the trial commenced on April 23, 1976, the date of the hearing on the motion to suppress, and that therefore appellant waived his right to dismissal under Pa.R.Crim.P. 1100(f), since that provision requires a pre-trial motion to dismiss and appellant's motion was not filed until April 27.

The Comment to Pa.R.Crim.P. 1100 states: "It is not intended that preliminary calendar calls should constitute commencement of a trial. A trial commences when the trial judge determines that the parties are present and directs them to proceed to voir dire, or to opening argument, or to the *hearing of any motions which had been reserved for the time of trial,* or to the taking of testimony or to some other such first step in the trial." (emphasis added) In *Commonwealth v. Bowers,* 250 Pa.Super. 77, 378 A.2d 461 (1977) we were confronted by a similar Commonwealth argument and held that "[t]here must be some showing on the record that a hearing on a pre-trial motion had been reserved for the time of trial before this court can conclude that trial had commenced for the purpose of computing the mandatory period of Rule 1100." 250 Pa.Super. 80, 378 A.2d at 462. Here, the Commonwealth has made no such showing on the record. As in *Bowers,* it has not shown that there was any order issued by the court indicating a reservation of the suppression motion for the time of trial. Moreover, there is no mention in the transcript of the April 23, 1976, hearing on the motion that it had been reserved for the time of trial.

The judgment of sentence is vacated, and appellant is ordered discharged.

CERCONE, J., concurs in the result.

VAN der VOORT, J., files a dissenting opinion, in which JACOBS, President Judge, joins.

WATKINS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.

VAN der VOORT, Judge, dissenting:

In this case the complaint was filed on August 24, 1975 charging robbery and other associated crimes. The 180 day run date was therefore February 20, 1976. The trial did not take place until June 4, 1976 which was 285 days after the complaint was filed and 105 days after the run date of February 20, 1976. After the complaint was filed the preliminary hearing was scheduled for August 29th. The hearing had to be continued first because the defendant was unavailable since he was in the hospital and the hearing was re-scheduled for September 9th, thus defendant's unavailability caused 11 days delay.

The preliminary hearing was re-scheduled for September 9th, but this was continued to September 16th for the reason that defendant was unavailable, he being in prison, thus 7 days delay was caused by the defendant's unavailability.

The trial of the case was set for November 3, 1975. It was continued to February 17th upon the application of the defendant's attorney. This continuance of 106 days was uninterrupted. These continuances began on November 3rd when trial was postponed until December 4th. It was continued upon application of defendant's attorney from December 4th to January 6, 1976 and was further continued upon application of defendant's attorney from January 6th to February 17th. This total continuance resulted in a delay of 106 days from which I would subtract the 30 days grace period provided by Pa.R.Crim.P. 1100(d)(2) [1] thus leaving 76 days delay caused by a continuance brought about by the defendant. The defendant later on waived 22 days delay occurring from May 3rd to May 25, 1976.

To me it seems clear that the 18 days delay caused from August 29th to September 16th, plus the 76 days delay from November 11th to February 17th, plus the 22 days delay

1. The majority holds that the appellant's attorney by filing separate applications causes this lengthy continuance to be fractured and segmented into three separate continuances and in accordance with *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977) would subtract 90 days from this period of continuances.

waived by the defendant comes to a total of 116 days. Subtracting these 116 days from the 285 days which had run between the time of filing the complaint and the actual trial leaves 169 days within which period of time trial was had. The appellant in this case has used virtually every means at his command to sabotage the court procedure in this case. For this playing fast and loose with the trial court, the majority would reward the defendant by vacating his sentence and ordering him discharged. I dissent to this decision.

I would affirm the judgment of sentence of the court below.

JACOBS, President Judge, joins in this opinion.