405 A.2d 938

**COMMONWEALTH of Pennsylvania**

v.

**Edward WHITE, Appellant.**

Superior Court of Pennsylvania.

Argued May 7, 1979.

Decided June 5, 1979.

Paul F. Lantieri, Philadelphia, for appellant.

William C. Turnoff, Assistant District Attorney, for Com., appellee.

Before HOFFMAN, EAGEN and HESS, JJ.*

PER CURIAM:

Edward White appeals from the judgments of sentence following his conviction of murder of the third degree and possession of an instrument of crime by the Court of Common Pleas of Philadelphia County sitting without a jury. White complains he was denied effective assistance of trial counsel because of counsel's failure to move for dismissal of

* Chief Justice Michael J. Eagen of the Supreme Court of Pennsylvania and Judge Warren K. Hess of the Court of Common Pleas of Berks County, Pennsylvania, are sitting by designation.

the charges pursuant to Pa.R.Crim.P. 1100(f). We remand for an evidentiary hearing on this issue.[1]

The shooting in this case occurred on March 16, 1976. White fled the jurisdiction and was apprehended on June 15, 1976, in Los Angeles, California. He did not contest extradition and was removed to Philadelphia, where his trial began on December 16, 1976. White maintains his trial commenced more than 180 days from the date the complaint against him was filed and, thus, the mandate of Pa.R.Crim.P. 1100(a) was violated.

The record in this case contains no indication that the Commonwealth applied for an order extending the time for the commencement of trial pursuant to Pa.R.Crim.P. 1100(c). If the 180-day period had, in fact, expired when trial began, the Commonwealth had the burden of establishing by a preponderance of the evidence any claimed exclusion from the period of delay due to the unavailability of the defendant or his counsel[2] or due to a continuance (in excess of 30 days) requested by the defendant. Pa.R.Crim.P. 1100(d). *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977). In the alternative, the Commonwealth had the burden of establishing a valid waiver by White of his Rule 1100 rights.[3]

1. White advances only one other claim and it, too, involves trial counsel's assistance. We need not address this issue since we are remanding for a hearing on effective assistance for the reasons discussed herein. Counsel may advance this and any other basis for ineffective assistance at that hearing.

2. On the record presented, we cannot determine the date on which the mandatory period commenced or any periods of possible unavailability because of many factual discrepancies.

3. The Commonwealth maintains on appeal that, even if the 180-day period began to run on June 15, 1976, White waived his Rule 1100 rights when his counsel requested a continuance of trial to December 16, 1976, three days beyond expiration of the 180-day period. The Commonwealth argues that acquiescence to a trial date beyond the time required by Rule 1100 amounts to a waiver of Rule 1100 rights. *See Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979) (remand to determine if counsel's actions in agreeing to a trial date beyond 180 days constituted a representation of an effective waiver by his client of Rule 1100 rights). *See also Commonwealth v. Lammona*, 473 Pa. 248, 373 A.2d 1355 (1977), and *Commonwealth v.*

*Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979). The appropriate time for the Commonwealth to establish exclusion or waiver would have been at a pre-trial hearing on a motion to dismiss the charges against White pursuant to Rule 1100(f). *Commonwealth v. Shelton*, 469 Pa. 8, 364 A.2d 694 (1976).

Since defense counsel did not apply for dismissal of the charges, no determination as to a Rule 1100 violation was made in the court below. We are unable to decide White's ineffectiveness claim without first determining whether counsel failed to pursue a claim of arguable merit—*viz.*, a Rule 1100 violation. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Thus, an evidentiary hearing on that issue is required and we must remand for that purpose.

It is so ordered.

*Waldman, supra*, as to agreements to extend under Pa.R.Crim.P. 1100(c).