410 A.2d 1276

**COMMONWEALTH of Pennsylvania**

v.

**Edwin McCULLEY, Appellant.**

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed Sept. 28, 1979.

---

Richard S. Wasserbly, Doylestown, for appellant.

Stephen B. Harris, First Assistant District Attorney, Doylestown, submitted a brief on behalf of Commonwealth, appellee.

Before PRICE, GATES * and DOWLING *, JJ.

GATES, Judge:

On September 2, 1976 a criminal complaint was filed charging appellant with burglary and attempted theft. He was apprehended on that date. A preliminary hearing was held on September 13, 1976 and the appellant was arraigned before the Court of Common Pleas of Bucks County on December 29, 1976. At arraignment appellant was notified that his trial date would be January 17, 1977.

On the scheduled date, the defendant failed to appear and a bench warrant was issued. The appellant was apprehended on March 7, 1977. On that day he was told that the next scheduled trial date was April 11, 1977. On that day appellant appeared with the public defender and requested a continuance in order to obtain private counsel. The Commonwealth objected but the trial court granted the continuance and set May 2, 1977 as the trial date. Appellant voiced no objection to the new trial date.

On May 2, 1977 appellant appeared with the same public defender and again requested a continuance. The request was denied. Appellant filed a motion to dismiss pursuant to Rule 1100 which was dismissed after hearing.

* President Judge G. Thomas Gates of the Court of Common Pleas of Lebanon County, Pennsylvania, and Judge John C. Dowling of the Court of Common Pleas of Dauphin County, Pennsylvania, are sitting by designation.

Defendant was then convicted in a bench trial. Posttrial motions were filed and denied. Sentence was imposed and this appeal followed.

The issue before us is the propriety of the lower court's refusal to dismiss the charges on appellant's claim that Rule 1100 was violated.

 The criminal complaint was filed on September 2, 1976. Therefore, pursuant to Rule 1100(a)(2)[1], trial should have commenced on or before March 7, 1977[2]. Appellant's trial was originally scheduled for January 17, 1977. The defendant did not appear and a bench warrant issued. At the May 2, 1977 hearing the Commonwealth demonstrated that the police officer made reasonable efforts to locate and apprehend appellant[3]. The appellant was not apprehended until March 7, 1977, a period of forty-eight (48) days from the date of the first scheduled trial. The Commonwealth contends that this period is excludable in the computation for the reason that appellant was unavailable for trial within the meaning of Rule 1100(d)(1)[4]. We agree.

1. Pa.R.Crim.P. 1100(a)(2) provides:
 "Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed."

2. Calculation made in compliance with 1 Pa.C.S.A. § 1908 which mandates exclusion of the first day and inclusion of the last. See *Commonwealth v. Wade*, 475 Pa. 399, 380 A.2d 782 (1977).

3. The prosecutor went to the Camelot Apartment Complex, the address given by appellant at preliminary arraignment, on at least two occasions. The first time he spoke to appellant's sister who had no idea where appellant was living. The next time he spoke with the woman appellant was supposedly living with and she reported that she hadn't seen him in months. These efforts, coupled with both oral and written notice of the first trial dates constitute due diligence on the part of the Commonwealth in our judgment. (See Notes of Testimony on the May 2, 1977 hearing.) However, due diligence on the part of the Commonwealth is not required under these circumstances. See *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978).

4. Pa.R.Crim.P. 1100(d)(1) provides:

At arraignment on December 29, 1976 appellant was notified by the Court of the scheduled trial on January 17, 1977. Additionally, the attorney for the Commonwealth sent written notice to the appellant and the letter was not returned. We conclude that the appellant was unavailable for a period of forty-eight (48) days within the meaning of Rule 1100(d)(1). *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978).

Excluding forty-eight (48) days from the computation, the second scheduled trial date of April 11, 1977 was well within the proscribed one hundred eighty (180) days.

The next period of twenty-two (22) days, excluded by the lower court, the appellant contends should not be excluded but should be counted under the provisions of Rule 1100(d)(2)[5].

The Commonwealth contends that appellant knowingly waived his rights under Rule 1100 by appearing with counsel at the second trial date on April 11, 1977 and requesting a continuance in order to retain counsel of his own choosing.[6] Over the Commonwealth's objection, the trial court set May 2, 1977 as the do or die third trial date. This was with the express knowledge and consent of the appellant. The appellant knowingly waived Rule 1100 because the public defender representing him advised the court that there was a pending application to dismiss under Rule 1100 challenging the exclusion of the first forty-eight (48)

"(d) In determining the period for commencement of trial, there shall be excluded therefrom such period of delay at any stage of the proceedings as results from:
"(1) the unavailability of the defendant or his attorney." ·

**5.** Pa.R.Crim.P. 1100(d)(2) provides:
"(2) any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded."

**6.** The folks are as smart as the people. It is not particularly astute to suggest that appellant would be before us on a "right of counsel" claim if the trial judge would have forced appellant to trial without counsel of his choosing as he requested.

day period. It is fair to assume appellant was aware of the rule's mandate.[7]

We agree with the lower court's findings that the waiver was an informed and voluntary decision on the appellant's part and the appellant agreed to a trial date beyond the one hundred eighty (180) day period. We conclude then that the trial held on May 2, 1977 occurred within one hundred seventy-three (173) days of the filing of the complaint, excluding the two periods we have discussed above. *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979); *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976); *Commonwealth v. Shields*, 247 Pa.Super. 74, 371 A.2d 1333 (1977); *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975); *Commonwealth v. Coleman*, 241 Pa.Super. 450, 454–55, 361 A.2d 870, 872 (1976).

PRICE, J., files a dissenting opinion.

PRICE, Judge, dissenting:

The majority affirms the judgment of sentence of the court of common pleas and holds that appellant knowingly waived his Rule 1100[1] right to a speedy trial when his counsel requested a continuance. I disagree. I can find no support in the record for the majority's finding of waiver, and would therefore remand the case to the court of com-

---

**7.** We are not unaware of the existence of Sections (d)(2) of Rule 1100 as relied upon in the dissenting opinion. However, apart from the fact that the Rule's thirty-day exclusion defies logic, the application of the speedy trial rule to this case is too illogical to comprehend. It was the appellant who caused all of the delay and now complains that his rights to a speedy trial have been denied. It is rather difficult to understand that a man is entitled to a dismissal of serious criminal charges on the grounds that his precious right to a speedy trial was denied to him when the facts demonstrate unequivocally that he probably did not want a trial at all, much less a speedy one, and that the Commonwealth was at all times prepared to proceed and afford him his precious right, but was frustrated by the defendant's conduct in either being unavailable or asking for a continuance in order to secure private counsel. Sometimes at law we overlook the fact that we should interpret the law so that it makes at least the impression of containing a little common sense.

**1.** Pa.R.Crim.P. 1100.

mon pleas for an evidentiary hearing to determine whether the actions of appellant's counsel on April 11, 1977, constituted a representation of an effective waiver of Rule 1100.

The pertinent facts are as follows. A criminal complaint was filed against appellant on September 2, 1976. Under the precept of Rule 1100(a)(2), the Commonwealth had 180 days, or until March 1, 1977, to bring appellant to trial. Trial commenced on May 2, 1977, 242 days after the filing of the complaint. Trial had been initially scheduled for January 17, 1977, but appellant failed to appear. A bench warrant was issued and was later withdrawn on March 7, 1977, when appellant was arrested and bail set. Appellant requested and received a continuance on April 11, 1977, to secure private counsel, and prior to trial on May 2, 1977, the court of common pleas denied a petition by appellant to dismiss the charges under Rule 1100.[2]

The disputed waiver resulted from the following dialogue which occurred on the day appellant requested a continuance to secure private counsel.

"THE COURT: What is the situation with regard to a trial date? Certainly Mr. McCulley, if there is a possibility of securing counsel of [your] own choice he should do so. I am willing to go along with that.

Do you want to fix trial for a date certain at this point? What does my criminal calendar look like?

MR. SCHENCK [Assistant District Attorney]: The next criminal date is May 2nd.

THE COURT: What is the situation with regard to Rule 1100?

MR. WASSERBLY [Assistant Public Defender]: I have already filed an application for Rule 1100.

THE COURT: I will grant the continuance until May 2nd. On that date it's going to be tried unless there is some reason why it should not be. But I am letting you know that that's the date that is fixed for trial." (N.T. 4/11/77 3–4).

---

2. The court of common pleas also denied a motion by appellant for a further continuance in order to secure private counsel.

The majority opinion states that "appellant knowingly waived Rule 1100 because the public defender representing him advised the court that there was a pending application to dismiss under Rule 1100 challenging the exclusion of the first forty-eight (48) day period. It is fair to assume appellant was aware of the rule's mandate." (At 1278). I disagree. The above-quoted in-court exchange does not establish waiver.

In *Commonwealth v. Myrick*, 468 Pa. 155, 360 A.2d 598 (1976), our supreme court stated that the formal requirements (*e. g.*, an on-the-record colloquy or a statement signed by the defendant and endorsed upon the indictment) for a waiver of important rights are intended to assure one thing—that the decision to waive those rights is the result of a voluntary and informed act of the defendant and can be demonstrated as such by reference to the record.

> "So long as there is an indication, on the record, that the waiver is the informed and voluntary decision of the defendant, it will be accorded prima facie validity. Absent this record indication of validity, the waiver will be ineffective. Moreover, these are merely formal indications of validity. In any waiver situation, the defendant may still attempt to prove that the waiver is invalid by showing that it was unknowing, unintelligent or involuntary." *Commonwealth v. Myrick, supra*, 468 Pa. at 160–61, 360 A.2d at 600.

The court refined its position in *Commonwealth v. Waldman*, 484 Pa. 217, 398 A.2d 1022 (1979), where it held that although a formal on-the-record colloquy shall not be required for a waiver of Rule 1100 protections to be valid, nevertheless, the Commonwealth has the burden of establishing that appellant's waiver was knowing, intelligent and voluntary. "To require anything less for a valid waiver of a rule designed to implement and protect a 'fundamental' constitutional right is clearly unacceptable. *See Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)." *Commonwealth v. Waldman, supra*, 484 Pa. at 232, 398 A.2d at 1030. In *Waldman*, the supreme court remanded to the trial court

because it was not clear on the record whether counsel's approval of a suggested time period for trial beyond the run time under Rule 1100 constituted a representation of an effective waiver, *i. e.*, it had to be shown that *Waldman* knowingly, intelligently and voluntarily assented to the waiver of his Rule 1100 right. In the instant case, counsel's statement that a petition to dismiss had been filed, without more, is insufficient to establish that appellant was knowingly, intelligently and voluntarily waiving his right under Rule 1100. Absent this waiver, trial did not commence until the 193rd day for Rule 1100 purposes,[3] clearly a violation of the Rule.

However, on the state of the instant record, I am unable to determine whether or not appellant's counsel's approval of a suggested time period for trial beyond the expiration date mandated by Rule 1100 constituted a representation of an effective waiver, *i. e.*, knowing, intelligent and voluntary waiver by appellant. *See Commonwealth v. Waldman, supra.* Accordingly, I would remand the case to the court of common pleas for an evidentiary hearing to determine whether the actions of appellant's counsel on April 11, 1977, constituted a representation of an effective waiver. If the

**3.** This figure of 193 days excludes that 49-day period from January 17, 1977, to March 7, 1977, which represents the span of time from appellant's failure to appear at trial to the time his whereabouts were discovered by police. Since appellant previously had been apprised of the trial date and failed to appear, the time up to his subsequent apprehension is automatically excludable under Rule 1100(d)(1), and the Commonwealth need not demonstrate due diligence in its attempts to apprehend him. *Commonwealth v. Cohen*, 481 Pa. 349, 392 A.2d 1327 (1978).

The time consumed by the continuance granted on April 11, 1977, does not alter our calculation. Under section (d)(2) of Rule 1100, with respect to defense requested continuances, only those days of the continuance in excess of thirty are excluded from calculation of the run time. Because the continuance in the instant case only totalled 21 days, no days are excluded. Once it became apparent that appellant was asking for a continuance which would take the trial date beyond the 180th day, it was incumbent upon the Commonwealth either to obtain an on-the-record colloquy establishing a waiver by appellant or to petition for an extension before the 180th day. Absent these courses of action, the Commonwealth's only recourse was to prove that appellant's "waiver" was knowing, intelligent and voluntary—a burden of proof which it has failed to sustain.

court of common pleas would determine that the evidence establishes a knowing, intelligent and voluntary waiver by appellant, I would allow the judgment of sentence to stand. However, if the lower court would find that the evidence does not establish a waiver, then I would reverse the judgment of sentence and order appellant discharged.