386 A.2d 59

**COMMONWEALTH of Pennsylvania**

v.

**James Ray LEE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 10, 1976.

Decided April 28, 1978.

496

498

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

Ross Weiss, First Assistant District Attorney, Elkins Park, and William T. Nicholas, District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

The instant appeal follows appellant's conviction by a jury and his judgment of sentence to one to five years imprisonment for violating· the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–101 et seq. (1977). Specifically, the jury found appellant guilty of selling methamphetamine to an undercover agent of the State Police. On appeal appellant contends that the lower court erred in failing to require the Commonwealth to provide the name and whereabouts of an informant who was an eyewitness to the transactions which provide the basis for appellant's

conviction, and that post-trial counsel was ineffective in failing to raise a Pa.R.Crim.P., Rule 1100 objection.

First, we agree with appellant's contention that the trial court erred in refusing to compel the Commonwealth to disclose the name and whereabouts of its informant. At appellant's preliminary hearing, undercover police officer Walter T. Zdunowski testified that appellant sold him two "half T's" of methamphetamine at a price of fifty dollars. The officer further testified that the sale had been arranged by a confidential informant who witnessed and actively participated in the entire transaction. The only other witness to this transaction was Eugene Derenick, also an undercover officer. Upon learning of the existence of the informant-witness at the preliminary hearing, counsel immediately requested that his identity be disclosed, but this request was denied. Appellant also requested disclosure on two other occasions prior to trial.[1] These requests were also denied. Appellant's defense at trial was mistaken identity, in support of which appellant alleged that there was another James Lee who was also familiar in the area in which the crime occurred. To corroborate this defense appellant produced alibi witnesses who testified that appellant was not at the scene at the time of the alleged drug purchase.

In *Commonwealth v. Carter*, 427 Pa. 53, 59, 233 A.2d 284, 287 (1967) our Supreme Court relied upon *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and noted that:

" '(N)o fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a prop-

---

1. Appellant filed a "Motion for Disclosure" which was denied approximately seven months prior to trial, and appellant orally renewed his motion immediately before selecting a jury. Therefore, appellant did not utilize the disruptful and wasteful procedure of waiting until trial had commenced to discover the name and whereabouts of this informant-witness. See, *Commonwealth v. Bradshaw*, 238 Pa.Super. 22, 35–36, 364 A.2d 702 (1975) (Concurring and Dissenting Opinion by Cercone, J.).

er balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.' "

Applying the *Carter* test to the case at bar we find that a balancing of factors weighs in favor of the disclosure of the informants identity. The facts of *Carter* are similar to the case at bar. In *Carter* an informant introduced an undercover agent to the defendant and witnessed the illegal drug sale along with another police officer who watched from a half-block away. Our Supreme Court held that disclosure was required.

"Elemental to our concept of fairness, as well as that embodied in the federal constitution, is the awareness that the testimonial perspective of police officers is conditioned by the 'often competitive enterprise of ferreting out crime.' . . . This awareness makes us reluctant to permit the establishment of facts crucial to criminal guilt solely by police testimony based on a single observation *where testimony from a more disinterested (sic) source is available.*" (Citations omitted.) *Id.* 427 Pa. at 61, 233 A.2d at 288.

The only distinguishing factor between *Carter* and the case at bar which weighs in favor of non-disclosure is the fact that the police officers in this case saw appellant on three occasions rather than one. However, these confrontations occurred within the span of 24 hours, and on each occasion the informant was an eyewitness. Since the informant was the only "civilian" witness who actively participated in and witnessed the alleged drug transaction, and appellant produced alibi witnesses at trial, we hold that, on balance, appellant showed a need for disclosure which overrides the public interest in protecting the flow of information about drug sales. Hence, the lower court was in error in not compelling such disclosure.

Although appellant is entitled to a new trial because the Commonwealth did not provide him with the information

necessary to discover a potential witness for the defense, there remains the question of whether appellant is entitled to be discharged pursuant to Rule 1100(f).

The difficulty of assessing appellant's claim that counsel were ineffective in failing to raise and preserve the Rule 1100 issue is compounded by the number of counsel who have represented appellant in this case heretofore. It appears from the record and statements made in his brief that appellant has had at least four different lawyers already. Initially he employed private counsel, who requested leave to withdraw prior to the expiration of the 270-day period then allowed by Rule 1100 to bring appellant to trial. Subsequently, three different members of the Public Defender's Office of Montgomery County represented appellant; one of whom was trial counsel, the second of whom was counsel on post-trial motions, and the last of whom is counsel on this appeal. Hampered by this parade of counsel, appellate counsel argues that post-trial counsel was ineffective for failing to challenge the effectiveness of trial counsel, who, in turn, was allegedly ineffective in not filing a motion to dismiss pursuant to Rule 1100.

Our Supreme Court most recently noted that ineffective assistance of counsel is a claim which must be raised at the earliest opportunity, or it will be waived.

"(I)neffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant. It follows then that when newly appointed post-trial counsel fails to assign the ineffectiveness of trial counsel as a ground for post-trial relief, the issue of trial counsel's ineffectiveness is not properly preserved for appellate review." *Commonwealth v. Hubbard*, 472 Pa. 259, 276 n. 6, 372 A.2d 687, 695 n. 6 (1977).

Thus, ordinarily, post-trial counsel's failure to challenge the effectiveness of trial counsel will preclude our review of that issue when those counsel are different persons. However, it is equally well-established that counsel cannot be expected,

at the peril of the accused, to challenge his own effectiveness. Accordingly, an exception to the general rule provides that a waiver of the issue will not be imputed to the accused, if counsel who was allegedly ineffective was also counsel when the issue should have first been raised. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974). The practical extension of this exception is that no waiver will be found when counsel, engaged in the trial and appellate processes, are members of the same law office, even when that office is the public defender. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). Because appellant's counsel in the instant case were members of the Montgomery County Public Defender's Office, at trial and on appeal, and at all times when a Rule 1100 motion to dismiss would have been timely, appellant's counsel during post-verdict motions did not waive the ineffectiveness of trial counsel by failing to raise the matter. Thus, the question of trial counsel's ineffectiveness has been preserved for our review. See *Commonwealth v. Humphrey*, 473 Pa. 533, 375 A.2d 717 (1977).

Turning to the merits of appellant's claim that his trial counsel was ineffective in failing to file a motion to dismiss, the following facts are critical. The criminal complaint in the instant case was filed on March 22, 1974, providing the Commonwealth 270 days within which to bring appellant to trial pursuant to Pa.R.Crim.P., Rule 1100(a)(1). Absent periods of time which subsequently might be omitted from the running of the rule, therefore, the Commonwealth had until December 28, 1974 to try appellant. In fact, trial did not commence until April 24, 1975, some 397 days after the filing of the complaint; and, at no time did the Commonwealth file a petition for an extension of time pursuant to Rule 1100(c). The reason for this ostensibly egregious neglect by the Commonwealth rests on two continuances granted by the court at appellant's request. The first continuance occurred while appellant was represented by

private counsel, on October 3, 1974. That continuance, by specification of the court, was to last until the next term of criminal court. The second continuance, granted while appellant was represented by counsel who he now complains was ineffective, was approved on January 15, 1975 and, in effect, lasted until appellant began trial on April 24, 1975. In essence, the length of this second continuance at the time it was granted was indefinite.

▮ With respect to the running of Rule 1100, subsection (d)(2) provides that "any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney" shall be excluded from the period during which the defendant must be tried. In the instant case, at first blush, appellant is chargeable with 113 days (173 days in continuances minus 30 days for each continuance) which should be excluded from the rule. Subtracting merely this period from the 393 days it took to bring appellant to trial does not help the Commonwealth for the trial would still have been ten days overdue, i. e., 280 days after the filing of the complaint. Indeed, with respect to the second, indefinite continuance, arguably the Commonwealth is not entitled to exclude any time. *Commonwealth v. Coleman*, 241 Pa.Super. 450, 361 A.2d 870 (1976). Hence, were the foregoing facts all that we had to base our ruling upon, appellant would have demonstrated, *prima facie*, trial counsel's ineffectiveness. *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). We would have no recourse but to remand in order to determine whether counsel's failure to raise the Rule 1100 objection had some basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349 (1967).

▮ However, this already complex fact situation is further exacerbated by "waivers" which appellant allegedly signed *personally* on both occasions when continuances were granted. According to the Commonwealth's brief, those waivers provided:

"I am aware and have been advised of the implication and consequences of the above application and (do not have)

objection to the continuance. I am further aware of my right to a speedy trial and that a continuance shall cause a delay in having said criminal charges disposed of by the Court."

In the margin appellant allegedly handwrote "absolutely no speedy trial argument." In our estimation this waiver could well be adversely conclusive to appellant's claim, whether it is analyzed under the rubric of the effectiveness of counsel or otherwise. *Commonwealth v. Hickson*, 235 Pa.Super. 496, 344 A.2d 617 (1975). Cf. *Commonwealth v. Mumich*, 239 Pa.Super. 209, 361 A.2d 359 (1976); *Commonwealth v. Millhouse*, 239 Pa.Super. 445, 362 A.2d 398 (1976). Appellant's acquiescence, if not fervid wish, that his trial occur beyond the 270-day period would constitute a waiver of any Rule 1100 claim trial counsel or post-trial counsel might have raised in this case. However, we cannot now resolve this issue because the waivers which appellant allegedly signed have not been included in the record; the docket entries only establish that continuances were granted, not the reasons therefor. Although appellant's counsel agrees that appellant requested the continuances and that counsel for appellant, at least, waived Rule 1100 objections in obtaining the continuances, appellant has not stipulated to the contents of the waiver or to the fact that appellant personally signed the waiver form. Lacking the consensus of the parties on these facts, the defect in the record precludes us from deciding this issue at this time. If on remand the record is exemplified in this regard and substantiates the Commonwealth's allegations, appellant's challenge to the effectiveness of counsel should be denied. See *Commonwealth v. Rice*, 456 Pa. 90, 93, 318 A.2d 705 (1974). Otherwise, the mere fact that appellant requested continuances will not be sufficient to bring his trial date within the prescription of Rule 1100, and, if he lacked a reasonable basis for failing to file a motion to dismiss, counsel must be deemed ineffective. See *Commonwealth v. Coleman, supra.*

For the foregoing reasons the judgment of sentence is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

PRICE and VAN der VOORT, JJ., dissent and would not require the disclosure of the identity of the informant under the circumstances here presented. They concur, however, in the ineffective assistance of counsel remand.