406 A.2d 778

COMMONWEALTH of Pennsylvania

v.

Ursula HARRIS, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.

Decided June 20, 1979.

Louis R. Dadowski, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, WIEAND and HOFFMAN, JJ.

CERCONE, President Judge:

As a result of two incidents occurring at Sears, Roebuck and Company at the Allegheny Center Mall in Pittsburgh, Pennsylvania, appellant was twice arrested—once on July 21, 1975 for retail theft, simple assault and resisting arrest and once on January 14, 1976 for retail theft and terroristic threats. On April 29, 1976, appellant entered pleas of guilty to all charges. With the exception of the charge of simple assault, which was dismissed by the court, the trial court sentenced appellant on the remaining charges on July 21, 1976. Subsequently, appellant petitioned the trial court for leave to withdraw her guilty pleas, alleging that they were not knowingly, intelligently or voluntarily entered. Appellant's petition was denied without a hearing on September 30, 1977. Appellant now appeals to this court, arguing that the lower court erred by denying appellant's motion without first conducting a hearing thereon. Appellant's argument has no merit and we therefore affirm the decision of the lower court.

In her appeal, appellant simply asserts that her pleas were not knowingly, intelligently and voluntarily entered. No facts were asserted in support of this contention. The record of appellant's guilty plea colloquy indicates that this colloquy was detailed and extensive. Therefore we hold, as did the Supreme Court in *Commonwealth v. Zakrzewski*, 460 Pa. 528, 534, 333 A.2d 898, 901 (1975) "In the absence of . . . some other reason that would necessarily be outside the record before us the exhaustive colloquy conducted below provides us with a sufficient factual basis for assessing appellant's claim and for concluding, as we do, that it is without merit."

Accordingly, judgment of sentence is affirmed.