408 A.2d 880

**COMMONWEALTH of Pennsylvania**

v.

**Michael KEITH, Appellant.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Aug. 9, 1979.

Albert G. Barnes, Jr., York, for appellant.

John A. F. Hall, Assistant District Attorney, York, submitted a brief on behalf of Commonwealth, appellee.

Before CERCONE, President Judge, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that he was tried on charges of burglary in violation of Pa.R.Crim.P. 1100 because the Commonwealth in its 1100(c) extension petitions never demonstrated its due diligence. We agree that the Commonwealth failed to show due diligence in bringing appellant to trial, but nonetheless we affirm the judgment of sentence for the reasons which follow.

The Commonwealth filed a criminal complaint against appellant on March 3, 1977, creating an original Rule 1100 rundate of August 30, 1977. Appellant was scheduled to go to trial during the June Session of court, which lasted from June 20, 1977, until July 1, 1977, but on June 15, 1977, he requested a continuance for the purpose of preparing for a parole board hearing. Consequently the case was continued until the next Session of court, which ran from August 22, 1977, until September 2, 1977. On August 26, 1977, in the middle of the August Session but four days before the original Rule 1100 rundate, the Commonwealth filed an 1100(c) extension application alleging its own due diligence and the exclusion of time (not specified) due to the appellant's continuance.[1] Because appellant did not oppose the extension as long as he was tried during the August Session, on August 31, the court without a hearing granted the extension until September 2, 1977, the last day of the August Session.

However, on September 2, 1977, the Commonwealth filed another 1100(c) application, alleging its inability to try the case "because of insufficient trial time" notwithstanding its own due diligence, and that some time (again not specified) should be excluded because of appellant's requested continuance. Appellant filed an answer in opposition contending that the Commonwealth had not been prepared to go to trial on September 2, and requested a dismissal of the charges.

---

1. In each of its applications to extend the time for commencement of trial, the Commonwealth in this case advanced the periods of exclusion due to appellant's continuances as reasons for the granting of an extension. This was improper. *See Commonwealth v. Mitchell,* 472 Pa. 553, 563 n. 4, 372 A.2d 826 n. 4. (1977).

At a "hearing: on September 12, 1977, at which no testimony was taken, attorneys for appellant and the Commonwealth argued their positions. That same day the court issued an opinion and order finding that while appellant demanded to go to trial during the August Session, there were simply too many cases and not enough courtrooms to try the case. The court also found that "the Commonwealth [was] unable to try the case at that [August] Session and for this reason an application of the defendant to produce witnesses for trial was not presented or acted upon or granted." The court therefore entered an order extending the time for trial until October 28, 1977.

The case was called for trial on September 28, 1977, but appellant requested another continuance to obtain new counsel. The court granted a continuance until October 17, 1977. On September 30, 1977, the Commonwealth filed another 1100(c) petition, alleging that the appellant's two requested continuances required exclusion of time (still not specified) from the 180 day period. On October 14, 1977, the lower court held a hearing on this petition. Because appellant failed to appear or file an answer after notice, the court granted the application and extended the time for trial to October 28, 1977 (the same date mandated by the court's previous extension order). On October 27, 1977, trial commenced.

The court below held each extension was properly granted because of delay attributable to the judiciary. This was incorrect because of the court's finding that the Commonwealth was not ready to go to trial on September 2, 1977. *See Commonwealth v. Weber,* 256 Pa.Super. 483, 487, 390 A.2d 206, 207–08 (1978). Our review of the record also reveals that the Commonwealth never put on any evidence of its due diligence in bringing appellant to trial. However, we may affirm if for any reason apparent in the record the order of the court below was correct. *Commonwealth v. Pettiford,* 265 Pa.Super. 466, 402 A.2d 532 (1979).

Here, the original Rule 1100 rundate was August 30, 1977. However, on June 15, 1977, appellant requested a continuance which was granted until August 22, 1977, the beginning of the next session of court.[2]  Under Rule 1100(d)(2), 38 days of this 68 day extension are excluded,[3] thus making a new rundate of October 7, 1977.[4]  Prior to that date, the court twice heard 1100(c) applications, and each time granted an extension until October 28, 1977.  As we have said, the first of these orders, entered on September 12, 1977, was erroneous because the application was opposed and the Commonwealth failed to demonstrate due diligence.  However, the second extension order, entered October 14, 1977 (pursuant to a Commonwealth application filed September 30, 1977, seven days before the new rundate), was granted because appellant never appeared to defend nor filed an answer to the application for extension.  Appellant thereby waived all objections to the application and may not now attack the validity of that extension order. *Commonwealth v. Taylor,* 473 Pa. 400, 404, 374 A.2d 1274, 1276 (1977); *Commonwealth v. Frank,* 263 Pa.Super. 452, 476, 398, A.2d 663, 675 (1979); *Commonwealth v. Wilson,* 258 Pa.Super. 231, 392 A.2d 769 (1978).  Because appellant's trial commenced on October 27,

2.  In *Commonwealth v. Coleman,* 241 Pa.Super. 450, 361 A.2d 870 (1976), *aff'd in part and rev'd on other grounds,* 477 Pa. 400, 383 A.2d 1268 (1978), we condemned the practice where, after a defense continuance is granted, trial is not rescheduled until the *second* criminal court session thereafter.  However, in *Commonwealth v. Lee,* 254 Pa.Super. 495, 386 A.2d 59 (1978), we approved of the grant of a defense continuance until the very *next* term of criminal court, as was done in the instant case.  We also note that this was not an indefinite continuance held in *Lee* and *Coleman, supra,* as having no effect on the time for commencement of trial.

3.  Because appellant's trial was originally scheduled for the June Session of court, his requested continuance five days before the Session began effectively prevented trial from then commencing. Thus, appellant's trial was delayed as a result of his requested continuance, mandating the exclusion of 38 days from the period for commencement of trial. *See Commonwealth v. Morgan,* 484 Pa. 117, 398 A.2d 972 (1979).

4.  Because appellant's second continuance was only for 19 days, none of this time is excluded.  Pa.R.Crim.P. 1100(d)(2).  *Commonwealth v. Shields,* 247 Pa.Super. 74, 371 A.2d 1333 (1977).

1977, one day before the date specified by the extension order, appellant's contention ultimately fails.

Judgment of sentence affirmed.

CERCONE, President Judge, files a concurring opinion.

CERCONE, President Judge, concurring:

I concur in the majority opinion written by Judge Hoffman; nevertheless, I write this separate concurrence because I think that the case for waiver is even stronger than is depicted in the majority opinion. Not only, as the majority points out, did appellant fail to appear or file an answer after notice of the Commonwealth's petition, but additionally appellant failed to make a *pre*-trial motion to dismiss on the grounds that Pa.R.Crim.P. 1100 was violated, as required by Rule 1100(f). Appellant admits in his brief that he did not make his motion to dismiss on Rule 1100 grounds until after he had been tried and convicted. We have unequivocally held that Rule 1100(f) requires a defendant to file his petition to dismiss under the Rule before trial or that issue will be deemed waived. *Commonwealth v. Bullock,* 259 Pa.Super. 467, 393 A.2d 921 (1978), and cases cited therein. Appellant has clearly waived this issue.