431 A.2d 360

**COMMONWEALTH of Pennsylvania**

v.

**George COOKE, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Decided June 19, 1981.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Michael H. Ranck, District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, JOHNSON and POPOVICH, JJ.

POPOVICH, Judge:

The present appeal stems from the lower court's Order denying, without a hearing, appellant's "Motion To Withdraw Guilty Plea And To Have Outside Counsel Appointed." [1]  For the reasons set forth herein, we vacate the

---

1. The record does not reveal whether the appeal is from the Order of the lower court denying the Motion or from the Judgment of Sen-

Judgment of Sentence and the Order of the Court of Common Pleas of Lancaster County and remand for proceedings consistent with this Opinion.

On February 13, 1980, appellant entered a plea of guilty to a charge of resisting arrest [2] and was sentenced, on the same day, to a period of probation for two years, fined $100.00 plus costs of prosecution and ordered to make restitution. The sentence imposed was pursuant to a plea agreement.[3] On February 22, 1980, appellant filed a timely motion to withdraw his guilty plea [4] and to have private counsel ap-

tence. Appellant's brief and *NOTICE OF APPEAL* indicate it is from the latter; the brief of the Commonwealth and appellant's "Statement of Matters Complained of on Appeal" indicate the former. Since the argument presented is applicable to both the Judgment and the Order, we will treat the appeal as taken from both. In such a situation, of course, proper practice would require two separate appeals. *Commonwealth v. Johnson*, 460 Pa. 303, 307 n. 3, 333 A.2d 739, 740 n. 3 (1975); *see also* Pa.R.A.P. 301 & 343.

**2.** 18 Pa.C.S.A. § 5104.

**3.** Charges of Criminal Mischief (18 Pa.C.S.A. § 3304(a)(2)) and Disorderly Conduct (18 Pa.C.S.A. § 5503(a)) were *nolle prossed* in exchange for appellant's guilty plea.

**4.** The lower court held that since appellant pled guilty on February 13, 1980, and "did nothing until February 25, 1980, when he filed a 'motion to withdraw guilty plea and to have outside counsel appointed'," his "petition [Motion] to withdraw was not timely filed." (Citation omitted) (Lower Court Opinion, at 1 & 2) A review of the record is not supportive of the lower court's holding. For example, appellant's Motion was notarized on February 22, 1980; on the same day, an Order denying said Motion was entered by the court below— this point is substantiated by the fact that: 1) the Order was *dated February 22, 1980*; and 2) the time stamp utilized by the Clerk of Court's Office of Lancaster County appears on the back of the Order, and reads *"CLERK OF COURT'S '80 FEB 22 P3:33"*. Consequently, based on the record before us, we find that the appellant's Motion was filed (February 22, 1980) within nine (9) days of imposition of sentence (February 13, 1980). Thus, appellant's Motion was timely filed. Pa.R.Crim.P. 321(a) ("a motion to withdraw a guilty plea shall be in writing and shall be filed with the trial court within ten (10) days after imposition of sentence"); *see also* Pa.R.A.P. 108(a) & (b); *cf. Unangst's Appeal*, 333 Pa. 489, 496, 5 A.2d 201, 204 (1939) ("the report of the county auditors was held to take effect when filed with the prothonotary); *Emporium Area Joint School Authority v. Annundson Construction and Building Supply Co.*, 191 Pa.Super. 372, 379, 156 A.2d 554, 559 (1959) (semble).

pointed contending that his attorney was "ineffective in assisting him in the disposition of his case." (Appellant's "Motion To Withdraw Guilty Plea And To Have Outside Counsel Appointed," Point 3) · The attorney who prepared and presented the Motion was the same public defender who represented appellant at the guilty plea hearing.

The lower court denied appellant's Motion because it felt that the "plea was voluntarily made," and that "there [wa]s only the bare allegation of ineffective counsel and not support averments...." (Lower Court Opinion, at 1 & 2)

On appeal the appellant, represented by second counsel from the public defender's office, "alleges that his trial attorney *forced* him into pleading guilty." (Emphasis added) (Appellant's Brief, at 2) This is the *only* issue raised. The Commonwealth urges us to dismiss this claim on the basis that "[a]ppellant did not make this allegation of coercion at all in the court below." (Commonwealth's Brief, at 3) We do not agree.

To begin with, as has often been recognized and specifically noted, it is unrealistic to expect trial counsel to argue his own ineffectiveness, whether it be in post-trial motions or on appeal.[5] *See Commonweath v. Dancer*, 460 Pa. 95, 100, 331 A.2d 435, 438 (1975); *Commonwealth v. Wilks*, 250 Pa.Super. 182, 191, 378 A.2d 887, 891 (1977). Consequently, this appeal being the first occasion on which appellant is represented by counsel other than the one whose stewardship is being questioned, we cannot fault him for failing to raise the issue sooner. *See Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Lee*, 254 Pa.Super. 495, 386 A.2d 59 (1978).

**5.** The prudent course for the trial court would have been to appoint counsel other than from the public defender's office, given the claim made by appellant. A hearing could have been conducted if the court determined that the allegations made warranted the taking of testimony. Pa.R.Crim.P. 321(c); *see also Commonwealth v. Zakrzewski*, 460 Pa. 528, 531 n. 1, 333 A.2d 898, 900 n. 1 (1975); *Commonwealth v. Wade*, 480 Pa. 160, 173 n. 9, 389 A.2d 560, 567 n. 9 (1978) (plurality); *Commonwealth v. Mims*, 481 Pa. 275, 283 n. *, 392 A.2d 1290, 1294 n. * (1978) (POMEROY, J., Dissenting Opinion); *see generally Commonwealth v. Smoyer*, 281 Pa.Super. 320, 422 A.2d 189 (1980).

Furthermore, in *Commonwealth v. Zakrzewski*, 460 Pa. 528, 333 A.2d 898 (1975) the accused filed a *pro se* brief or petition on appeal claiming that his plea was prompted by assurances from his lawyer that a lenient sentence would be imposed by the court in exchange for his pleading guilty. The fact that Zakrzewski's claim was not raised in the court below did not render it waived. *See, e. g., Commonwealth v. Dilbeck*, 455 Pa. 113, 314 A.2d 505 (1974) (on appeal, appellant's *pro se* brief raised issues concerning trial counsel's effectiveness; the court remanded for appointment of new counsel). To the contrary, our Supreme Court observed that: "Appellant's allegation is a serious one, therefore, and if there were any possibility that it were true, we would remand for an evidentiary hearing so that the facts might be found by the trial court." (Footnote omitted) *Id.*, 460 Pa. at 533–34, 333 A.2d at 901. However, a remand was not necessary because the Court found that the lower court conducted an extensive colloquy, in which the appellant and his counsel denied the existence of any plea agreement. Moreover, the Court went on to hold:

> "*In the absence of any suggestion by appellant that he was not truthful because he was threatened or 'coached', or because of some other reason that would necessarily be outside the record before us* the exhaustive colloquy conducted below provides us with a sufficient factual basis for assessing appellant's claim and for concluding, as we do, that it is without merit." (Emphasis added) *Ibid.; accord, Commonwealth v. Harris*, 267 Pa.Super. 229, 406 A.2d 778 (1979).

Instantly, unlike in *Zakrzewski*, we are confronted with a situation in which the appellant alleges that he was "forced" into pleading guilty, and there was no "exhaustive colloquy conducted below [which] provides us with a sufficient factual basis for assessing appellant's claim and for concluding . . . that it is without merit." [6] *Commonwealth v. Zakrzew-*

---

**6.** We refrain from engaging in a *sua sponte* inquiry into the adequacy of the colloquy, inasmuch as this issue was not raised at the trial level and it was not discussed in the lower court's opinion. Nor is the issue presented, briefed or argued to this Court on appeal. *See*

*ski, supra,* 460 Pa. at 534, 333 A.2d at 901. Therefore, since resolution of the claim is dehors the record, a remand for an evidentiary hearing is necessary so that facts might be found by the trial court. *Id.; Commonwealth v. Spitler,* 217 Pa.Super. 170, 269 A.2d 380 (1970); *see also Commonwealth v. Taggart,* 258 Pa.Super. 210, 392 A.2d 758 (1978); *cf. Commonwealth v. Johnson,* 460 Pa. 303, 308, 333 A.2d 739, 741 (1975) (resolving an issue of credibility is inappropriate for an appellate court; better practice is to remand for an evidentiary hearing).

In addition, a remand is warranted in this case because appellant is represented on appeal by counsel from the same public defender's office which represented him at trial. Normally, when an appellant so represented on appeal alleges ineffective assistance of trial counsel, the proper course, unless ineffective assistance clearly appears, is to remand for appointment of new counsel not associated with trial counsel. *See e. g., Commonwealth v. Patrick,* 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright,* 473 Pa. 395, 374 A.2d 1272 (1974). Here, trial counsel's ineffectiveness ("forcing" the appellant to plead guilty) is not apparent from the record. Accordingly, upon remand the lower court is to permit appellant, if he desires,[7] to select new counsel,

> *generally Commonwealth v. Waters,* 477 Pa. 430, 434, 384 A.2d 234, 236 (1978); *cf. Commonwealth v. Carl,* 267 Pa.Super. 156, 406 A.2d 566 (1979) (in the interest of judicial economy, appellate court reviewed guilty plea colloquy where the lower court had already reviewed appellant's claims—one of which was that the plea was entered as a result of undue pressure by the Commonwealth—discussed them in its opinion and dismissed them as meritless). On remand, appellant's counsel will have ample time to review the record and raise any issue that could have been raised on appeal, *thereby affording the trial court the first opportunity to rule on the issue(s) presented. See Commonwealth v. Johnson,* 258 Pa.Super. 214, 218–19, 392 A.2d 760, 763 (1978). If the relief requested is denied, an appeal to this Court is available.

7. The appellant has the option to retain present counsel. Before doing so, however, he would have to be made aware of the dangers and possible disadvantages of proceeding with an attorney associated with counsel he asserts is ineffective. *Commonwealth v. Quarles,*

not associated with guilty plea counsel, to represent him on the issue of guilty plea counsel's ineffectiveness and any other issue properly preserved for appellate review. If eligible, appellant may instead request the court to appoint new counsel for this purpose. *Commonwealth v. Roach*, 268 Pa.Super. 340, 408 A.2d 495 (1979).

Therefore, we vacate the Judgment of Sentence and the Order of the lower court dated February 22, 1980, and the case is remanded to that court for further proceedings consistent with this Opinion.

284 Pa.Super. 473, 475 n. **, 426 A.2d 145, 146 n. ** (1981); *accord, Commonwealth v. Jackson*, 280 Pa.Super. 522, 421 A.2d 845 (1980).