J-S77027-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON ANDERSON A/K/A ANDRE HULL | |
| Appellant | No. 673 EDA 2014 |

Appeal from the Judgment of Sentence February 4, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013285-2012

BEFORE: STABILE, J., JENKINS, J., and STRASSBURGER, J. [**]

MEMORANDUM BY JENKINS, J.:                    **FILED DECEMBER 22, 2014**

Aaron Anderson appeals from his judgment of sentence. We affirm.

On February 4, 2014, Aaron Anderson entered a negotiated guilty plea to third degree murder, possession of an instrument of crime and prohibited offensive weapons[1]. The trial court sentenced him to 25-50 years' imprisonment. On February 7, 2014, Anderson filed a timely post-sentence motion to withdraw his guilty plea. On February 11, 2014, the trial court

---

[**] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502, 907, and 908, respectively.

denied Anderson's motion[2].   Anderson filed a timely appeal, and both Anderson and the trial court complied with Pa.R.A.P. 1925.

The relevant facts are as follows: Anderson was charged with shooting Rahspe Athy three times with a sawed-off shotgun on July 26, 2012.  N.T., 2/4/14, p. 12 (guilty plea hearing transcript).   The Philadelphia Medical Examiner's Office pronounced Athy dead as a result of multiple gunshot wounds.  *Id*.

On February 4, 2014, Anderson executed a written guilty plea colloquy[3] in which he admitted to committing the crimes of third degree murder, possession of an instrument of crime, and possession of a prohibited offensive weapon.   Guilty Plea Colloquy, Page 1 of 4, "THE CHARGES".   Anderson also agreed in the colloquy: "The facts of the case have been read to be me. The crimes and elements of the crime(s) have been explained to me.  I committed the crime(s), and that is why I am

---

[2] The trial court's order denying Anderson's post-sentence motions was not in the certified record.  On April 16, 2014, this Court entered a rule to show cause why this appeal should not be quashed as interlocutory due to the lack of an order denying Anderson's post-sentence motions.   In response, Anderson's attorney filed a copy of the order with the trial court, which transmitted the order to this Court in a supplemental record.  Therefore, we will not quash this appeal.

[3] Anderson's written guilty plea colloquy was not in the certified record, but the Commonwealth moved to add the written colloquy to the record under Pa.R.A.P. 1926.   On October 27, 2014, this Court granted the Commonwealth's motion.  The trial court thereupon added the guilty plea colloquy to the record and transmitted it to this Court.

pleading guilty." *Id*., Page 3 of 4, "FACTS OF MY CASE AND ELEMENTS OF CRIME(S)." Lastly, Anderson agreed: "I cannot come back to court later and say that I was not guilty. Once I plead guilty, I can no longer complain that I was innocent and did not commit the crime." *Id*., Page 3 of 4, "GIVING UP DEFENSES".

After signing the colloquy form, Anderson appeared before the court and entered a guilty plea to the aforementioned crimes. Anderson stated under oath that he was not under the influence of any drugs or alcohol that would affect his ability to understand what he was doing. N.T., 2/4/14, pp. 8-9. He agreed that (1) he was entering the agreement knowingly and of his own free will; (2) he had spoken to his attorney, his investigator and his family concerning the negotiations; (3) all of his questions had been answered; and (4) he was satisfied with his attorney. *Id.*, pp. 9-10. Anderson listened to the Commonwealth's recitation of the facts alleged against him and then entered guilty pleas to the aforementioned offenses. *Id.*, pp. 12-13. The court determined that Anderson knowingly, voluntarily and intelligently entered into this guilty plea and accepted his plea. *Id.*, p. 14. The court then immediately imposed sentence. *Id.*, pp. 22-23.

Three days after pleading guilty and receiving a lengthy sentence of imprisonment, Anderson moved to withdraw his guilty plea. His motion stated in relevant part: "[Anderson] has indicated through his mother that he is taking responsibility for someone else who is the actual shooter.

- 3 -

[Anderson] prays the Honorable Court allow him to withdraw his plea and proffer to the Commonwealth the actual shooter. . ."  Motion To Withdraw Guilty Plea, ¶¶ 2-3.  The trial court denied this motion without a hearing.

Anderson raises a single issue in this appeal: "Whether The Court erred when it denied the Appellant's motion to withdraw his guilty plea without a hearing on February 11, 2014 where he advised the court and the Commonwealth that he wanted to proffer as to whom the real shooter was?" Brief for Appellant, p. 5.

A defendant who attempts to withdraw a guilty plea after sentencing must demonstrate prejudice on the order of manifest injustice before withdrawal is justified.  *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa.Super.2002).  "A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently." *Id*.

The record demonstrates that it would not be manifestly unjust to disallow Anderson's withdrawal of his guilty plea.  Anderson made no claim in his post-sentence motion that he did not enter his plea knowingly, voluntarily or intelligently.  He made no suggestion as to his innocence at his combined guilty plea and sentencing hearing, and it was only after sentencing that he claimed that he was innocent.  A claim of innocence does not meet the heightened standard for post-sentence plea withdrawal.  *See Commonwealth v. Myers*, 642 A.2d 1103, 1108 (Pa.Super.1994) ("A defendant's post-sentence recantation of guilt does not rise to the level of

- 4 -

prejudice on the order of manifest injustice sufficient to require that he be permitted to withdraw his plea of guilty").

In effect, Anderson claims that he lied to the trial court when he admitted guilt in his written and oral plea colloquies. By pleading guilty, however, Anderson is bound by the statements he made in open court while under oath, and he may not later assert grounds for withdrawing the plea which contradict the statements he made during his plea colloquy. *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa.Super.1999). Having admitted during the guilty plea hearing that he shot the decedent, Anderson cannot now claim that someone else did the shooting.

Furthermore, the trial court did not have to hold a hearing before denying Anderson's post-sentence motion. In *Commonwealth v. Cappelli*, 489 A.2d 813 (Pa.Super.1985) (*en banc*), the appellant tendered a negotiated guilty plea and then filed a post-sentence motion to withdraw his guilty plea, asserting that his plea was involuntary due to his "age, intelligence and standing." We held that the trial court did not err by declining to hold a hearing: "[R]equir[ing] the court to conduct a hearing based upon a simple repudiation of all that was said at the guilty plea proceeding after sentencing, would depreciate the gravity which our procedures attach to guilty plea proceedings." *Cappelli*, 489 A.2d at 818. We also stated that it would be "an affront to the dignity of the [trial] court

and orderly procedures to direct a hearing" on the "naked allegation" in the defendant's motion. *Id*.

*Cappelli* observed that while a hearing might be necessary in "borderline" cases, the court should not grant a hearing "every time a claim is made that a guilty plea was improperly induced." *Id*. at 819; *see also Commonwealth v. Harris*, 406 A.2d 778, 779 (Pa. Super. 1979) (plea withdrawal petition alleging involuntary guilty plea properly denied without hearing, where defendant failed to assert any facts demonstrating involuntariness, and record of plea colloquy indicated colloquy was detailed and extensive). The present case is simply not a "borderline" case, given that Anderson's post-sentence motion merely offered an unsupported assertion of innocence, and the written and oral guilty plea colloquies unequivocally establish that he knowingly, voluntarily, and intelligently tendered his plea. *Stork*, *supra*, 737 A.2d at 791 ("a hearing is not necessary where Appellant's motion is supported by facts that are in direct variance with his unequivocal record responses at the time of plea").

For these reasons, we affirm the order denying Anderson's post-sentence motion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/22/2014